PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSE QUEZADA,

Plaintiff,

-v-

16-CV-0705S
ORDER

CARL J. KOENIGSMAN, et al.,

Defendants.

*Pro se* Plaintiff Jose Quezada, a prisoner confined at the Five Points Correctional Facility, has filed this civil action asserting claims pursuant to 42 U.S.C. § 1983. ECF No. 1.

The filing fee for a civil action is $350.00, plus an administrative fee of $50.00.[1] Whenever a "prisoner," *see* 28 U.S.C. § 1915(h), submits a complaint he must either (1) pay the filing fee and administrative fee or (2) submit a motion to proceed *in forma pauperis* that includes a Prison Certification, pursuant to 28 U.S.C. § 1915(a)(1)-(2), and a Prison Authorization form, pursuant to 28 U.S.C. § 1915(b)(1)-(4).

Plaintiff did not prepay the $350.00 filing fee and the $50.00 administrative fee with his Complaint. Plaintiff did submit a motion to proceed *in forma pauperis* but it did not include a Prison Certification Section. He used a form motion that did not include a Prison Certification Section as explained below.

[1] Effective May 1, 2013, an additional administrative fee of $50.00 has been added to the total cost of filing a civil lawsuit in District Court, which brings the total cost to $400.00. This additional administrative fee does not apply to prisoners who are granted permission to proceed *in forma pauperis*.

Civil actions brought *in forma pauperis* are governed by 28 U.S.C. § 1915.  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal *in forma pauperis*.

Under the PLRA, a prisoner seeking to bring a civil action *in forma pauperis* must submit an affidavit or affirmation, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period.  The Court, rather than require a prisoner to obtain a certified copy of his inmate trust fund account statement, permits a prisoner to have prison officials complete and sign a Prison Certification, which is included within the Court's form motion to proceed *in forma pauperis*.  The Prison Certification requires prison officials to set forth the information noted in the inmate trust fund account statement as required pursuant to 28 U.S.C. § 1915(a)(2).

The PLRA also requires a prisoner who seeks to proceed *in forma pauperis* to submit a signed Prison Authorization form authorizing the institution in which a prisoner is confined to pay the full $350.00 fee.  28 U.S.C. § 1915(b)(1)-(4).  Even if the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the $350.00 filing fee in installments.  28 U.S.C. § 1915(b)(1).  In each month that the

amount in the prisoner's inmate trust account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his Complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B) (*in forma pauperis* actions).  *See also* 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).   If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In this action, Plaintiff has failed to submit an *in forma pauperis* application that includes a completed and signed Prison Certification, 28 U.S.C. § 1915(a)(1)-(2).

Thus, before this action can proceed, Plaintiff must submit to the Court (1) a motion to proceed *in forma pauperis* that includes a Prison Certification pursuant to 28 U.S.C. § 1915(a)(1)-(2), or (2) must pay the $350.00 filing fee and $50.00 administrative fee ($400.00 total fees).

## CONCLUSION

For the reasons set forth above, the Clerk of Court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee. Plaintiff will be granted leave to move to re-open no later than **thirty days from the date of this Order**.[2]

## ORDER

IT IS HEREBY ORDERED that the Complaint is dismissed, without prejudice;

FURTHER, that the Clerk of Court is directed to send to Plaintiff a form motion to proceed *in forma pauperis*;

FURTHER, that the Clerk of Court shall administratively terminate this case, without filing the Complaint or assessing a filing fee;

FURTHER, that if Plaintiff wishes to reopen this action, he shall so notify the Court, in writing, no later than **thirty days from the date of this Order**. Plaintiff's writing shall include either (1) a motion to proceed *in forma pauperis* that includes a completed and signed Prison Certification, or (2) the $350.00 filing fee and $50.00 administrative fee ($400.00 total fees); and

---

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of this Order, it is not subject to the statute of limitations time bar if it was originally filed timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *McDowell v. Delaware State Police*, 88 F.3d 188, 191 (3d Cir. 1996); *see also Williams-Guice v. Board of Education*, 45 F.3d 161, 163 (7th Cir. 1995).

FURTHER, that upon Plaintiff's submission of either (1) a motion to proceed *in forma pauperis* that includes a completed and signed Prison Certification, or (2) the $350.00 filing fee and $50.00 administrative fee ($400.00 total fees), the Clerk of Court shall re-open this case.

SO ORDERED.

/s/William M. Skretny

William M. Skretny
United States District Judge

DATED:    September 22, 2016
          Buffalo, NY